[Cite as *Taylor v. Kettering Med. Ctr.*, 2025-Ohio-1766.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| CHARLES TAYLOR, ADMIN. FOR ESTATE OF TAYLOR-JONES, DECEDENT | : | C.A. Nos. 30162; 30163; 30164; 30165; 30222 |
| Appellees | : : : | Trial Court Case No. 2018 CV 03007 |
| v. | : : | (Civil Appeal from Common Pleas Court) |
| KETTERING MEDICAL CENTER, ET AL. | : : | |
| Appellants | : | |

. . . . . . . . . .

O P I N I O N

Rendered on May 16, 2025

. . . . . . . . . .

JENNIFER L. BROGAN & JAREN A. HARDESTY, Attorneys for Appellant Kettering Medical Center

JOHN B. WELCH, Attorney for Appellants Kenneth Paul McDowell and Kettering Pathology Associates

JOSHUA F. DEBRA, Attorney for Appellants Matthew R. Garrett, M.D. & Southwest Ohio ENT Specialist, Inc.

BRIANNA M. PRISLIPSKY, SHANNON K. BOCKELMAN, & MICHAEL D. RICE, Attorneys for Appellants Premier Health Partners & Miami Valley Hospital

BRADLEY D. MCPEEK & KELLIE A. KULKA, SUSAN BLASIK-MILLER & MEREDITH TURNER-WOOLLEY, Attorneys for Appellants Benjamin McCalip, M.D., Valley Pathologists, Inc. and Cytology Associates of Dayton, Inc.

PAUL W. FLOWERS, Attorney for Appellee Charles Taylor

. . . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendants-Appellants appeal from an April 29, 2024 order of the Montgomery County Court of Common Pleas, which overruled their motions for summary judgment on Plaintiff-Appellee's wrongful death claim. For the reasons that follow, we will reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion.

I.      Facts and Course of Proceedings

{¶ 2} This is the second appeal involving the medical negligence action originally filed by Deborah Taylor-Jones on June 29, 2018, against 23 defendants. In *Taylor-Jones v. Kettering Med. Ctr.*, 2021-Ohio-738 (2d Dist.), we provided the following summary of some of the key allegations and procedural history:

On September 17, 2012, Deborah Taylor-Jones had an office consultation with Dr. [Matthew R.] Garrett regarding a mass on the right side of her neck below the mandibular joint; Garrett was an ear, nose and throat specialist employed by Southwest ENT. Following an examination, Garrett ordered a fine-needle aspiration which was performed by another physician at [Kettering Medical Center or "KMC"]. The aspirate was examined by a pathologist, Dr. Richard Pelstring, who issued a cytology report on September 27, 2012, diagnosing the mass as benign.

On October 1, 2012, Taylor-Jones had a follow-up appointment with Garrett during which they discussed excising the mass. Taylor-Jones opted to have the excision, and the surgery was performed by Garrett at KMC on October 29, 2012. Thereafter, the surgical specimen was examined by pathologist Dr. Patricia McDowell at a KMC facility. On October 30, 2012, McDowell issued a pathology report in which she diagnosed the mass as benign. Garrett saw Taylor-Jones the day after the surgery to remove drainage tubes. He also saw her in a follow-up appointment at his office three weeks after the surgery. At that time, Garrett told Taylor-Jones to follow up with him as needed.

Taylor-Jones did not see Garrett again until April 2015, when he again began to treat her for a mass in the same area of her neck. In June 2015, Garrett performed a biopsy on the mass; the mass was determined to be benign by a pathologist who reviewed a specimen during the surgery and another pathologist who reviewed a specimen after the surgery. In December 2015, a fine needle aspiration was performed, and the aspirate was determined to be benign. Finally, in January 2017, Garrett performed another excision. At that point, the mass was determined to be cancerous. Garrett requested a pathologic examination of the 2012 specimens, which he sent to a pathologist in Virginia. The re-examination revealed that the 2012 specimen was cancerous. This information was forwarded to KMC and was added to Taylor-Jones's medical records. Garrett did not see

Taylor-Jones after February 2017.

On June 29, 2018, Taylor-Jones filed a claim for medical malpractice against 23 defendants, including KMC, Garrett, Southwest ENT, Pelstring, McDowell and Pathology Associates. Taylor-Jones alleged that KMC, Garrett, Southwest ENT, Pelstring, McDowell and Pathology Associates had negligently failed to diagnose the neck mass as cancerous. Several days later she filed an amended complaint adding an additional defendant, but otherwise asserting the same claims.

In late 2018, Garrett, Southwest ENT, KMC, Pelstring, McDowell, and Pathology Associates filed motions to dismiss, arguing that the trial court lacked subject matter jurisdiction over the action because Taylor-Jones's cause of action was barred by the statute of repose. The trial court overruled the motions in March 2019.

Following discovery, the same defendants filed motions for summary judgment, again arguing that Taylor-Jones's claim for medical malpractice was barred by the statute of repose as codified at R.C. 2305.113(C). Taylor-Jones responded to the motions, challenging the constitutionality of the statute of repose. . . .

(Footnotes omitted.) *Taylor-Jones*, 2021-Ohio-738, at ¶ 2-7 (2d Dist.).

**{¶ 3}** After a hearing, the trial court issued a single decision denying all of the summary judgment motions. The trial court found the claims against Garrett and Southwest ENT were not barred by the statute of repose because Garrett had continued

to treat Taylor-Jones until 2017. The court concluded there was a question of fact concerning Garrett's last culpable act or omission due to his ongoing course of treatment of Taylor-Jones. The trial court further found that the occurrence of the act or omission alleged to be the basis of the medical negligence claim against Kettering Medical Center, Pelstring, McDowell, and Pathology Associates had been in October 2012, and the four-year time period for commencing the action had expired in October 2016. Therefore, the court concluded that unless the statute of repose in R.C. 2905.113 was unconstitutional, those Defendants would be granted summary judgment. Ultimately, the trial court found the statute of repose violated the Equal Protection Clause of the United States Constitution and the similar equal protection clause in the Ohio Constitution. Garrett, Southwest ENT, Kettering Medical Center, Pelstring, McDowell, and Pathology Associates filed timely appeals.

{¶ 4} On March 12, 2021, we reversed the trial court's November 7, 2019 decision, which had denied Defendants' motions for summary judgment. We held that since there was a rational basis for the statutory distinction between retained foreign body plaintiffs and misdiagnosed plaintiffs in R.C. 2905.113(D), such plaintiffs were not alike in all relevant ways. Therefore, the disparate treatment of such plaintiffs created by R.C. 2305.113(C)/(D)(2) did not violate the Equal Protection Clause of the United States Constitution or the Ohio Constitution. *Taylor-Jones* at ¶ 25. We dismissed the appeals of Defendants Garrett and Southwest ENT for lack of a final appealable order because they had sought review of the trial court's finding that their motion should be denied regardless of the constitutionality of R.C. 2305.113 due to their continued treatment of

Taylor-Jones. Since we were only reviewing the trial court's holding that R.C. 2305.113 was unconstitutional as applied to Plaintiff's medical negligence claim, we did not deem it appropriate to address parts of the trial court's order that were not final and appealable. Further, with regard to Defendants Pelstring, McDowell, Pathology Associates, and Kettering Medical Center, we stated that "the case is remanded to the trial court for it to enter judgment in their favor." *Taylor-Jones* at ¶ 27. We made that ruling based on the trial court's explicit finding that the claims against those Defendants were barred by the statute of repose if it were found to be constitutional. We also noted, "Of course, given our determination that R.C. 2305.113(C)/(D)(2) does not violate the equal protection clause, the Garrett/Southwest ENT litigation cannot proceed on any claimed negligent act that occurred more than four years prior to the commencement of this litigation." *Id.* at fn. 6.

{¶ 5} On remand, the Administrator for the Estate of Deborah Taylor-Jones was substituted as Plaintiff, because Deborah had died. On November 24, 2021, pursuant to our mandate, the trial court entered judgment in favor of Defendants Pelstring, McDowell, Pathology Associates, and Kettering Medical Center.

{¶ 6} On October 4, 2022, Plaintiff filed a motion for leave to file a second amended complaint for the sole purpose "to add claims for wrongful death and survivorship, which accrued when the original Plaintiff, Deborah Taylor-Jones, passed away on April 15, 2021." The second amended complaint raised the wrongful death and survivorship claims against the same Defendants named in the original complaint, including Pelstring, McDowell, Pathology Associates, and Kettering Medical Center, despite the fact they had

previously been dismissed from the lawsuit pursuant to our mandate. The trial court granted Plaintiff's motion to file a second amended complaint.

{¶ 7} Defendants moved for summary judgment on the wrongful death claim in the second amended complaint based on the application of the statute of repose in R.C. 2305.113(C). Plaintiff opposed the motions arguing that the application of the statute of repose to the wrongful death claim violated the constitutional guarantees of equal protection under the law and substantive due process.

{¶ 8} On April 29, 2024, the trial court denied the motions for summary judgment. The trial court began its decision by noting that Plaintiff had argued that Civ.R. 15(C) saved the wrongful death claim from the bar of the statute of repose because the granting of Plaintiff's 2022 motion to file a second amended complaint allowed the wrongful death claim to relate back to the June 2018 filing of the original complaint, which had alleged medical negligence for the same acts or omissions that caused the death of Taylor-Jones. The court then pointed out "a statutory provision may be 'invalid and of no force and effect' if it conflicts with a Civil Rule." Decision (Apr. 29, 2024), p. 3, citing *Rockey v. 84 Lumber Co.*, 66 Ohio St.3d 221 (1993). According to the trial court, "[b]y operation of Civ.R. 15(C)'s 'relation back' principle, the Second Amended Complaint is treated as filed on June 29, 2018 when the initial complaint was filed alleging injury from the same act or omission or occurrence." *Id.* at 4. The trial court reasoned that a defendant does not have a vested right for repose against a plaintiff who sued the defendant before the statute of repose deadline expired as long as the plaintiff's action was pending when the deadline expired. Therefore, the trial court concluded that "Civ.R. 15(C) provides that the deadline

ended when the initial complaint was filed for an amended complaint asserting claims based on the same act or omission or occurrence." *Id.* at 5. Based on this reasoning, the trial court denied all of Defendants' motions for summary judgment on Plaintiff's wrongful death claim.

{¶ 9} Defendants filed notices of appeal from the trial court's April 29, 2024 decision. Due to the legal authority that typically precludes immediate appeal from an order denying a motion for summary judgment, we issued an order to show cause as to why the trial court's April 29, 2024 decision denying summary judgment was a final, appealable order. Kettering Medical Center argued that the order was final under R.C. 2505.02(B)(6), which allows for immediate appeal of an order that determines the constitutionality of the enactment of R.C. 2305.113. On July 5, 2024, we agreed with Kettering Medical Center's argument and determined that the trial court's summary judgment ruling was a final order because it implicitly determined that R.C. 2305.113 conflicted with Civ.R. 15(C) on a procedural matter, which rendered the statute of repose unconstitutional as applied in this case.

II. Assignments of Error

{¶ 10} Defendants filed a total of five notices of appeal from the trial court's April 29, 2024 decision. We consolidated the five appeals. As a result, there are numerous assignments of errors that have been raised by Defendants, and many of these assignments of error raise similar issues. Before resolving them, we will identify the assignments of error raised by each Defendant.

**{¶ 11}** Defendants Miami Valley Hospital and Premier Health Partners[1] state the following assignment of error:

THE TRIAL COURT ERRONEOUSLY DENIED DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT, AS PLAINTIFF'S CLAIMS WERE PLAINLY BARRED BY THE STATUTE OF REPOSE AND WERE NOT PRESERVED BY THE CIV.R. 15(C) RELATION BACK RULE.

**{¶ 12}** Defendants Southwest Ohio ENT Specialists, Inc. and Matthew R. Garrett, M.D. state the following three assignments of error:

THE TRIAL COURT ERRED IN IMPLICITLY DETERMINING THAT R.C. 2305.113(C) WAS UNCONSTITUTIONAL.

THE TRIAL COURT ERRED IN APPLYING THE RELATION BACK DOCTRINE TO APPELLEE'S SECOND AMENDED COMPLAINT BECAUSE IT ABRIDGED THE APPELLANTS' RIGHT TO REPOSE AND VIOLATED THE TENETS OF OHIO CONST. ART. IV, § 5(B).

THE TRIAL COURT ERRED IN HOLDING THAT APPELLEE'S SECOND AMENDED COMPLAINT RELATED BACK TO THE ORIGINAL COMPLAINT UNDER CIV.R. 15(C) WHEN THE CLAIMS IN THE ORIGINAL COMPLAINT WERE TIME-BARRED BY R.C. 2305.113(C).

**{¶ 13}** Defendants Kenneth Paul McDowell, Administrator of the Estate of Patricia

---

[1] Plaintiff's second amended complaint stated that Defendants Benjamin McCalip, M.D. and Melissa A. Grilliot, M.D. were acting as agents and/or employees of Defendants Miami Valley Hospital, Premier Health Partners, Valley Pathologists, Inc., and/or Cytology Associates of Dayton, Inc.

Ann McDowell,[2] and Kettering Pathology Associates, Inc. raise the following three assignments of error:

> THE TRIAL COURT ERRED IN FINDING R.C. 2305.113(C) UNCONSTITUTIONAL BECAUSE IT CONFLICTS WITH CIV.R. 15(C).

> THE TRIAL COURT ERRED IN APPLYING THE "RELATION BACK" PRINCIPLE IN CIV.R. 15(C) TO APPELLEES MCDOWELL AND KMC BECAUSE THE ORIGINAL FILING WAS TIME BARRED.

> THE TRIAL COURT ERRED IN FINDING R.C. 2305.113(C) UNCONSTITUTIONAL AND DENYING MCDOWELL SUMMARY JUDGMENT.

{¶ 14} Defendant Kettering Medical Center raises the following three assignments of error:

> THE TRIAL COURT ERRED BECAUSE IT DENIED SUMMARY JUDGMENT ON ALL CLAIMS AGAINST KMC AND KPA AND FOUND THAT THE STATUTE OF REPOSE, SET FORTH IN R.C. 2305.113, WAS UNCONSTITUTIONAL AND CONFLICTED WITH CIV.R. 15.

> THE TRIAL COURT ERRED BECAUSE IT DID NOT FOLLOW THE LAW OF THE CASE DOCTRINE AND ADHERE TO THIS COURT'S PRIOR HOLDING THAT THE MEDICAL NEGLIGENCE/SURVIVORSHIP CLAIM WAS TIME-BARRED AGAINST KMC AND KPA.

> THE TRIAL COURT ERRED IN APPLYING THE RELATION BACK

---

[2] According to the trial record, Patricia Ann McDowell, M.D. died in January 2022.

PRINCIPLE TO KMC AND KPA WHERE THE COMPLAINT WAS NEVER TIMELY FILED AGAINST THEM.

{¶ 15} Defendants Benjamin C. McCalip, M.D., Valley Pathologists, Inc., and Cytology Associates of Dayton, Inc. raise the following assignment of error:

THE TRIAL COURT ERRED IN DENYING DEFENDANTS-APPELLANTS BENJAMIN C. MCCALIP, M.D., VALLEY PATHOLOGISTS, INC., AND CYTOLOGY ASSOCIATES OF DAYTON, INC.'S MOTION FOR SUMMARY JUDGMENT.

{¶ 16} In sum, the assignments of error raise the following three sets of arguments: (1) the trial court improperly applied Civ.R. 15(C) where Plaintiff's wrongful death claim was an independent cause of action that could not relate back to the original filing; (2) even if the trial court properly determined that Civ.R. 15(C) applied to Plaintiff's wrongful death claim, the trial court's judgment must be reversed because Civ.R. 15's application to the present case conflicted with the statute of repose, which is a substantive law that cannot be rendered unconstitutional by a conflict with Civ.R. 15; and (3) even if the trial court was correct in allowing the wrongful death claim to relate back to the original filing, the statute of repose still precluded the claims against Pelstring, McDowell, Kettering Pathology Associates, Inc., and Kettering Medical Center pursuant to both the trial court's first summary judgment ruling and our previous mandate (under both the substantive law and the "law-of-the-case" doctrine).

{¶ 17} Plaintiff responds that we should affirm the judgment of the trial court based on the reasoning provided in the court's April 29, 2024 decision, because the trial court

did not explicitly find that Civ.R. 15 and the statute of repose were in conflict. Rather, Plaintiff argues that Civ.R. 15 and the statute of repose can live in harmony once Civ.R. 15 relates the wrongful death claim back to the date Taylor-Jones first filed her medical negligence action. Further, Plaintiff argues that even if we conclude the trial court should not have applied Civ.R. 15(C), then we should still affirm the trial court's judgment on alternative grounds Plaintiff raised in opposition to Defendants' motions for summary judgment. According to Plaintiff, the application of the statute of repose to Plaintiff's wrongful death claim would violate the constitutional guarantees of equal protection under the law and substantive due process. Plaintiff raised these alternative grounds before the trial court, but the trial court did not address them in its April 29, 2024 decision.

{¶ 18} As noted above, denials of motions for summary judgment typically are not immediately appealable. However, in our July 5, 2024 order, we concluded that the trial court's April 29, 2024 order was final under R.C. 2505.02(B)(6), which allows for immediate appeal when an order determines the constitutionality of the enactment of R.C. 2305.113. Therefore, we allowed this appeal solely to review the narrow issue of whether the trial court erred when it implicitly determined that the statute of repose conflicted with Civ.R. 15(C) on a procedural matter, thus rendering the statute of repose unconstitutional as applied to Plaintiff's wrongful death claim.

III. The Trial Court Erred by Concluding Civ.R. 15(C) Controlled over R.C. 2305.113(C) on an Issue of Substantive Law

{¶ 19} Appellate review of a trial court's ruling on a party's motion for summary

judgment is de novo. *Rhododendron Holdings, LLC v. Harris*, 2021-Ohio-147, ¶ 22 (2d Dist.), citing *Schroeder v. Henness*, 2013-Ohio-2767, ¶ 42 (2d Dist.). De novo review requires an appellate court to apply the same standard that the trial court should have used without deference to the trial court's decision. *Riverside v. State*, 2016-Ohio-2881, ¶ 21 (2d Dist.).

{¶ 20} Based on our review of the record before us and the applicable law, we conclude that the trial court erred in ruling implicitly that R.C. 2305.113(C) was unconstitutional as applied to Plaintiff's wrongful death claim due to its conflict with Civ.R. 15(C). Given our resolution of this narrow issue before us, we will not resolve Defendants' first and third sets of arguments summarized above. Regarding the first set of arguments, we will assume without deciding that, absent a conflict with the statute of repose, Civ.R. 15(C) would have allowed Plaintiff's wrongful death claim to relate back to the date of the original filing of Plaintiff's medical negligence action. Therefore, the assignments of error raising the first set of arguments will be overruled as moot. We will not resolve the third set of arguments raised by Defendants because those arguments involve an issue that cannot be resolved until the trial court, on remand, rules in the first instance whether the application of the statute of repose to Plaintiff's wrongful death claim violates the constitutional guarantees of equal protection under the law and substantive due process. Therefore, the assignments of error raising the third set of arguments will be overruled as not yet ripe for our review.

a. Statute of Repose

{¶ 21} R.C. 2305.113(C) is a statute of repose and states:

Except as to persons within the age of minority or of unsound mind as provided by section 2305.16 of the Revised Code, and except as provided in division (D) of this section, both of the following apply:

(1) No action upon a medical, dental, optometric, or chiropractic claim shall be commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the medical, dental, optometric, or chiropractic claim.

(2) If an action upon a medical, dental, optometric, or chiropractic claim is not commenced within four years after the occurrence of the act or omission constituting the alleged basis of the medical, dental, optometric, or chiropractic claim, then, any action upon that claim is barred.

The Ohio Supreme Court has held that wrongful death claims are included within the meaning of "medical claim" in R.C. 2305.113(C). *Everhart v. Coshocton Cty. Mem. Hosp.*, 2023-Ohio-4670, ¶ 1.

{¶ 22} Although a statute of repose and a statute of limitations both limit the time a defendant is required to defend a claim, they have distinct applications. *Antoon v. Cleveland Clinic Found.*, 2016-Ohio-7432, ¶ 11, citing *CTS Corp. v. Waldburger*, 573 U.S. 1, 7 (2014). A statute of limitations provides " 'a time limit for suing in a civil case, based on the date when the claim accrued (as when the injury occurred or was discovered).' " *Id.*, quoting *Black's Law Dictionary* (10th Ed. 2014). "A statute of repose, on the other hand, puts an outer limit on the right to bring a civil action. That limit is measured not

from the date on which the claim accrues but instead from the date of the last culpable act or omission of the defendant." *CTS Corp.* at 8. In other words, a repose provision is equivalent to "a cutoff" or an "absolute bar" representing a legislative judgment that the defendant should be free from liability after a set period of time has elapsed from a certain act of the defendant. *Id.*

{¶ 23} A statute of repose may create harsh results for a plaintiff. This is because a statute of repose bars any suit that is brought after a specified time since the defendant acted, even if the designated period ends before the plaintiff has suffered a resulting injury. *New Riegel Local School Dist. Bd. of Edn. v. Buehrer Group Architecture & Eng., Inc.*, 2019-Ohio-2851, ¶ 11, citing *Black's Law Dictionary* (10th Ed. 2014). Further, "[i]n light of the purpose of a statute of repose—to create a bar on a defendant's temporal liability—exceptions to a statute of repose require 'a particular indication that the legislature did not intend the statute to provide complete repose but instead anticipated the extension of the statutory period under certain circumstances,' as when the statute of repose itself contains an express exception." *Wilson v. Durrani*, 2020-Ohio-6827, ¶ 29, quoting *California Pub. Emps.' Retirement Sys. v. ANZ Secs., Inc.*, 582 U.S. 497, 507 (2017).

{¶ 24} "R.C. 2305.113(C) has a strong presumption of constitutionality." *Ruther v. Kaiser*, 2012-Ohio-5686, ¶ 9, citing *Arbino v. Johnson & Johnson*, 2007-Ohio-6948, ¶ 25. Indeed, "the General Assembly has the right to determine what causes of action the law will recognize and to alter the common law by abolishing the action, by defining the action, or by placing a time limit after which an injury is no longer a legal injury." *Id.*

at ¶ 14. The Ohio Supreme Court has stated that "the constitutionality of statutes of repose has been well settled by this court." *McCarthy v. Lee*, 2023-Ohio-4696, ¶ 20, citing *Antoon* at ¶ 18.

{¶ 25} In our March 12, 2021 decision, we concluded that the application of the statute of repose in R.C. 2305.113(C) and (D) to Plaintiff's medical negligence claim did not violate the Equal Protection Clause of the United States Constitution or the Ohio Constitution. *Taylor-Jones*, 2021-Ohio-738, at ¶ 25 (2d Dist.). In this appeal, we are faced with an even narrower issue of whether the application of the statute of repose in R.C. 2305.113(C) to Plaintiff's wrongful death claim is unconstitutional due to a conflict with Civ.R. 15.

### b. Conflicts Between Statutes and Civil Rules

{¶ 26} Civ.R. 15(C) provides, in pertinent part: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Plaintiff argues that the wrongful death claim arose out of the conduct, transaction, or occurrence set forth in the original complaint filed on June 29, 2018. Therefore, Plaintiff contends the wrongful death claim may only be dismissed if the occurrence of the action or omission constituting the alleged basis of the wrongful death claim was more than four years before June 29, 2018. Plaintiff also states that the application of Civ.R. 15(C) does not necessarily conflict with the application of R.C. 2305.113, since the statute of repose may still be applied to the wrongful death

claim, but only to those that are based on an occurrence more than four years prior to June 29, 2018.

**{¶ 27}** Defendants argue that Civ.R. 15(C) is inapplicable to Plaintiff's wrongful death claim because that claim is based on a transaction, occurrence, or event that has happened since the June 29, 2018 original complaint was filed. Defendants who were dismissed from the lawsuit based on our mandate from the first appeal also argue that Civ.R. 15(C) cannot be used against them because the original medical negligence claim brought in the 2018 complaint was found to be barred by the statute of repose. Further, Defendants contend that even if Civ.R. 15(C) were applicable, its use in this case conflicts with R.C. 2305.113(C) on a substantive issue of law. Once that conflict exists on a substantive issue of law, the court must apply the substantive statute over the Civil Rule. According to Defendants, this means they were entitled to summary judgment on the wrongful death claim because that claim was first raised in 2022, which was more than four years after the occurrence of the action or omission constituting the basis of Plaintiff's wrongful death claim.

**{¶ 28}** The Modern Courts Amendment of 1968 empowers the Ohio Supreme Court to create rules of practice and procedure for the courts of this state. In *Proctor v. Kardassilaris*, 2007-Ohio-4838, the Ohio Supreme Court explained that the Ohio Constitution, Article IV, Section 5(B) "expressly states that rules created in this manner 'shall not abridge, enlarge, or modify any substantive right.' " *Id.* at ¶ 17. "Thus, if a rule created pursuant to Section 5(B), Article IV conflicts with a statute, the rule will control for procedural matters, and the statute will control for matters of substantive law." *Id.*, citing

*Boyer v. Boyer*, 46 Ohio St.2d 83, 86 (1976). *Accord Havel v. Villa St. Joseph*, 2012-Ohio-552, ¶ 12.

{¶ 29} The Ohio Supreme Court has "defined 'substantive' in this context as 'that body of law which creates, defines and regulates the rights of the parties.' " *Proctor* at ¶ 17, quoting *Krause v. State*, 31 Ohio St.2d 132, 145 (1972), *overruled on other grounds by Schenkolewski v. Cleveland Metroparks Sys.*, 67 Ohio St.2d 31 (1981), paragraph one of the syllabus. "The word substantive refers to common law, statutory and constitutionally recognized rights." *Krause* at 145. "By contrast, procedural law 'prescribes methods of enforcement of rights or obtaining redress.' " *Havel* at ¶ 16, quoting *Roe v. Planned Parenthood Southwest Ohio Region*, 2009-Ohio-2973, ¶ 34.

{¶ 30} A statute of repose is substantive law. *McCarthy*, 2023-Ohio-4696, at ¶ 22 ("The statute of repose, then, operates as a substantive bar to a claim."). *Accord McQuade v. Mayfield Clinic, Inc.*, 2022-Ohio-785, ¶ 18 (1st Dist.); *Nieman v. Press and Equip. Sales Co.*, 588 F.Supp. 650, 653 (S.D. Ohio 1984). Plaintiff's counsel conceded this point at oral argument. Therefore, Plaintiff may not use the procedural provisions in Civ.R. 15(C) to circumvent the substantive limitations on wrongful death claims in R.C. 2305.113(C). *See Proctor* at ¶ 19 ("Therefore, Kardassilaris and Blank may not use the procedural provisions in Civ.R. 13 to circumvent the jurisdictional limitations on claims against the director of transportation in R.C. 5501.22.").

{¶ 31} The trial court erred by implicitly finding that R.C. 2305.113(C) was unconstitutional because it conflicted with Civ.R. 15(C) on a procedural issue. Rather, any conflict between the two involved a substantive issue of law, which meant R.C.

2305.113(C) controlled. While the application of the statute of repose to Plaintiff's wrongful death claim would produce harsh results, this is not atypical when statutes of repose are applied. The harshness of the result, however, is an insufficient basis on which to ignore the clear precedent requiring courts to apply a statute rather than a Civil Rule when those two are in conflict on a substantive issue of law rather than a purely procedural issue.

{¶ 32} Finally, as explained above, we will not resolve the argument of Defendants Pelstring, McDowell, Pathology Associates, and Kettering Medical Center that we should mandate the trial court to dismiss the wrongful death claim against them. This is because the trial court has not yet ruled in the first instance whether the application of R.C. 2305.113(C) to Plaintiff's wrongful death claim violates the constitutional guarantees of equal protection under the law and substantive due process. We acknowledge that the Ohio Supreme Court has held that the application of the current version of R.C. 2305.113 is constitutional. *Antoon*, 2016-Ohio-7432, at ¶ 34 ("We hold that Ohio's medical-malpractice statute of repose, R.C. 2305.113(C), is constitutional even to the extent that it prohibits bringing suit on a cause of action that has vested."); *Ruther*, 2012-Ohio-5686, at ¶ 35 (holding that "the medical-malpractice statute of repose found in R.C. 2305.113(C) does not extinguish a vested right and thus does not violate the Ohio Constitution, Article I, Section 16"). However, that Court has yet to directly address whether the application of R.C. 2305.113 to wrongful death claims violates the constitutional guarantees to equal protection under the law and substantive due process. Neither have we. While it will likely be an uphill battle for Plaintiff to establish R.C. 2305.113 is unconstitutional as

applied to the wrongful death claim raised in the second amended complaint, especially with regard to the claims against Defendants Pelstring, McDowell, Pathology Associates, and Kettering Medical Center, the trial court should decide that issue in the first instance.

{¶ 33} On remand, if the trial court were to find that the application of R.C. 2305.113(C) to Plaintiff's wrongful death claim violates the constitutional guarantees of equal protection under the law or substantive due process, thus rendering the statute unconstitutional as applied, then Plaintiff's wrongful death claim against Defendants Pelstring, McDowell, Pathology Associates, and Kettering Medical Center arguably would survive the summary judgment stage. If, however, the trial court were to conclude that the application of R.C. 2305.113(C) to Plaintiff's wrongful death claim does not violate the constitutional guarantees of equal protection under the law and substantive due process, then Plaintiff's wrongful death claim against Defendants Pelstring, McDowell, Pathology Associates, and Kettering Medical Center would need to be dismissed for the same reasons we ordered the medical claims dismissed against them in the first appeal. *Taylor-Jones*, 2021-Ohio-738, at ¶ 27 (2d Dist.).

{¶ 34} We strongly encourage the trial court on remand to rule at the same time on both remaining constitutional arguments raised by Plaintiffs to help minimize any further piecemeal appeals and delays resulting from bouncing back and forth between the trial court and this court on an issue-by-issue basis.

{¶ 35} Defendants' assignments of error are sustained to the extent they argue that the trial court erred in denying their motions for summary judgment based on an implicit finding that R.C. 2305.113(C) was unconstitutional as applied because it

conflicted with Civ.R. 15(C) on a procedural issue. The assignments of error are overruled to the extent they raise issues that are either not yet ripe for our review or rendered moot by our opinion. App.R. 12(A)(1)(c).

IV. Conclusion

**{¶ 36}** For the foregoing reasons, we will reverse the April 29, 2024 order of the trial court denying Defendants' motions for summary judgment and remand the cause to the trial court for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

EPLEY, P.J. and TUCKER, J., concur.